UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENER RAYO VELASQUEZ,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2194

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 3.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, he challenges the lawfulness of his current detention following an order issued by the Detroit Immigration Court denying him bond and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus ordering Respondents to release Petitioner or conduct a bond hearing.[1] (Pet., ECF No. 1, PageID.9–10.) In

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion in this action, seeking expedited review of the case. (ECF No. 5.) As set forth in this opinion, the Court will deny Petitioner's § 2241 petition without prejudice. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

an Order entered on July 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on August 4, 2026. (Resp., ECF No. 9.) Petitioner filed his reply on August 11, 2026. (Reply, ECF No. 12.)

## II. Relevant Factual Background

Petitioner is a citizen of Nicaragua who entered the United States in 2022. (Pet., ECF No. 7, PageID.4.) On September 26, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*)

On December 12, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Rayo Velasquez v. Lynch*, (*Rayo Velasquez I*), No. 1:25-cv-1775 (W.D. Mich.). In *Rayo Velasquez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Rayo Velasquez I*, (W.D. Mich. Jan. 7, 2026), (ECF Nos. 6, 7).

On January 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 9, PageID.120.) At the conclusion of the January 14, 2026, hearing, the Immigration Judge, during an oral ruling, denied Petitioner's request for bond and stated: "Unfortunately, I'm going to have to deny bond in this case due to flight risk." (Recording of Jan. 14, 2026, Bond Hearing, at 10:30–10:36, filed on Aug. 4, 2026.) That same day, the Immigration Judge issued a written order denying bond because "[f]light risk." Order of Immigration Judge, *Rayo Velasquez I*, (W.D. Mich.), (ECF No. 8-1).

## III. Discussion

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.[2] *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof). Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19(e).